1

2

3

4

5

6               # UNITED STATES DISTRICT COURT

7                       EASTERN DISTRICT OF CALIFORNIA

8

RONALD RUSSELL,                              1:09-cv-02115-OWW-DLB (HC)

9
                         Petitioner,         FINDINGS AND RECOMMENDATION
10                                           REGARDING RESPONDENT'S MOTION TO
        v.                                   DISMISS
11
                                             [Doc. 14]
12    JAMES HARTLEY,

13                       Respondent.

14   _____/

15        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

16   pursuant to 28 U.S.C. § 2254.

17                              RELEVANT HISTORY

18        Petitioner filed the instant petition for writ of habeas corpus on November 20, 2009, in

19   the United States District Court for the Eastern District of California, Sacramento Division.

20   (Court Doc. 1.)  The petition was transferred to this Court on December 4, 2009.  (Court Doc. 4.)

21        Petitioner challenges the Board of Parole Hearings' ("Board") 2006 decision finding him

22   unsuitable for release.

23        On March 25, 2010, Respondent filed a motion to dismiss the petition as untimely.

24   (Court Doc. 14.)  Petitioner did not file an opposition.

25                                  DISCUSSION

26   A.    Procedural Grounds for Motion to Dismiss

27        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

28   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

                                        1

1  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

2      The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

3  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

4  the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

5  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

6  v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

7  motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

8  (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

9  response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533

10  F.Supp. at 1194 & n. 12.

11      In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

12  2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion

13  to dismiss pursuant to its authority under Rule 4.

14  B.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

15      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

16  of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

17  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

18  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118

19  S.Ct. 586 (1997).  The instant petition was filed on November 20, 2009, and thus, it is subject to

20  the provisions of the AEDPA.

21      The AEDPA imposes a one year period of limitation on petitioners seeking to file a

22  federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

23  subdivision (d) reads:

24      (1)  A 1-year period of limitation shall apply to an application for a writ of
       habeas corpus by a person in custody pursuant to the judgment of a State court.

25      The limitation period shall run from the latest of –

26          (A) the date on which the judgment became final by the conclusion of
       direct review or the expiration of the time for seeking such review;

27

28          (B) the date on which the impediment to filing an application created by

1

2

State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

5

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

6

7

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

8

In most cases, the limitations period begins running on the date that the petitioner's direct

9

10

review became final. In a situation such as this where the petitioner is challenging a parole board

11

decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations

12

commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d

13

1077, 1079 (9th Cir.2003) (holding that § 2241(d)(1)(D) applies in the context of parole

14

decisions and that the Board of Prison Term's denial of an inmate's administrative appeal is the

15

"factual predicate" of the inmate's claim that triggers the commencement of the limitations

16

period).

17

"Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody

18

pursuant to a state court judgment, even when the petition is not challenging his underlying state

19

court conviction.'" Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006),

20

*quoting* White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir.2004). Under the AEDPA, an

21

application for habeas corpus will not be granted unless the adjudication of the claim "resulted in

22

a decision that was contrary to, or involved an unreasonable application of, clearly established

23

Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision

24

that was based on an unreasonable determination of the facts in light of the evidence presented in

25

the State Court proceeding." 28 U.S.C. § 2254(d).  In the context of reviewing parole decisions,

26

due process requires that: 1) the inmate must receive advance written notice of a hearing, Pedro

27

v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir.1987); 2) the inmate must be afforded an

28

"opportunity to be heard," Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1,

3

1  16 (1979); 3) if the inmate is denied parole, the inmate must be told why "he falls short of

2  qualifying for parole," Id.; and 4) the decision of the Board must be supported by "some

3  evidence" having an indicia of reliability. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445,

4  455 (1985); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987).

5          In the instant petition, the statute of limitations commenced on February 8, 2007-the date

6  the Board's decision became final.[1]  (Exhibit 1.)  Therefore, absent tolling, the federal petition

7  was due on or before February 8, 2008.  At the time Petitioner filed his first state petition in the

8  superior court on June 2, 2008,[2] the limitations period had already expired. See Nino v. Galaza,

9  183 F.3d 1003, 1006-1007 (9th Cir. 1999) (no tolling between finality and filing of state collateral

10 review).  Thus, the instant petition is untimely and should be dismissed.

11                                        RECOMMENDATION

12        Based on the foregoing, it is HEREBY RECOMMENDED that:

13        1.  Respondent's motion to dismiss the instant petition be GRANTED; and

14        2.  The Clerk of Court be directed to dismiss the action with prejudice.

15        This Findings and Recommendation is submitted to the assigned United States District

16 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

17 Local Rules of Practice for the United States District Court, Eastern District of California.

18 Within thirty (30) days after being served with a copy, any party may file written objections with

19 the court and serve a copy on all parties.  Such a document should be captioned "Objections to

20 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

21 and filed within fourteen (14) days after service of the objections.  The Court will then review the

22

23        [1] Respondent misstates that the limitations period commenced on February 22, 2007, citing Petitioner's
24 superior court petition which incorrectly lists the date of the 2006 hearing, as October 22, 2006. (Motion, at 2-3.)
   However, a review of the documents submitted by both Petitioner and Respondent reveal that the 2006 hearing took
25 place on October 11, 2006, and the decision became final 120 days on February 8, 2007.  (See Petition, at 9;
   Exhibits 1 & 2, to Motion.)

26        [2] See Rule 3(d) of the Federal Rules Governing Section 2254 Cases; See Houston v. Lack, 487 U.S. 266
27 (1988) (deeming a prose prisoner's notice of appeal filed at the moment it was delivered to prison authorities for
   forwarding to the clerk of court).  The Ninth Circuit Court of Appeals held in Saffold v. Newland, 250 F.3d 1282,
28 1288-89 (9th Cir. 2000 amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to
   state and federal petitions with respect to calculating the statute of limitations under the AEDPA.

1    Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that

2    failure to file objections within the specified time may waive the right to appeal the District

3    Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4

5         IT IS SO ORDERED.

6         **Dated:    May 6, 2010**              _____ **/s/ Dennis L. Beck** _____
                                                 UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28